IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-165-1-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEONTE XAVIER BIGELOW | ) | |

This matter is before the court on defendant's emergency motion for an order reducing his sentence. (DE # 103.)

In 2018, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more cocaine and possession with intent to distribute 500 grams or more cocaine. The court sentenced him to 120 months imprisonment on each count, to run concurrently. In June 2020, defendant filed *pro se* the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a supporting memorandum with supporting documents, (DE ## 108, 110), to which the government filed a response in opposition, (DE # 111).

Defendant requests a reduction in his sentence of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[2] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

(A) <u>Medical Condition of the Defendant</u>.—
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

---

[2] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions filed by the Bureau of Prisons. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii)    The defendant is—
        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
            (III)    experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    <u>Family Circumstances</u>.
    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Before considering the merits of the motion, it appears defendant exhausted his administrative rights in the Bureau of Prisons prior to filing the motion. In May 2020, defendant submitted a request for compassionate release to the Warden, which the Warden denied shortly thereafter. (Mot., Exs. A & B, DE ## 103-1, 103-2.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Turning to the merits, defendant contends his medical conditions increase his risk of severe illness or death if he contracts COVID-19 and therefore constitute extraordinary and compelling reasons for his release. (Mot., DE # 103, at 2-3; Mem., DE # 110, at 7-10.) The government argues defendant's sentence should not be reduced because his medical conditions,

3

despite the COVID-19 pandemic, do not qualify as extraordinary and compelling reasons and the § 3553(a) factors weigh against it. (Resp., DE # 111, at 13-19, 22-23.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." Kibble, 2020 WL 3470508, at *2 (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant just turned 30 years old. At sentencing, two years ago, defendant reportedly "ha[d] no known history of health problems, but ha[d] been recently monitored for elevated blood pressure." (PSR, DE # 86, ¶ 32.) It was also noted that defendant suffered a concussion in September 2017 during a home invasion but had "no lasting effects or issues." (Id.) His height was 5 feet, 7 inches, and he weighed 190 pounds, (id. at 2), meaning defendant was overweight, see Centers for Disease Control and Prevention, Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Oct. 6, 2020).

Now, according to defendant, he is obese, (Mot., DE # 103, at 3), and has hypertension, high cholesterol, and inflamed lungs from years of smoking cigars and marijuana and inhaling secondhand smoke, (Def.'s Aff., DE # 103-3, at 2-3). He also cites to a family history of diabetes, hypertension, asthma, heart disease, and cancer. (Id. at 2.) Lastly, he states he is still

recovering from a "severe head injury and trauma" from when he was beaten with a pistol. (Id. at 3.)

Considering these health conditions individually, or collectively, in light of COVID-19, the court concludes defendant has failed to show extraordinary and compelling reasons warrant a reduction in his sentence. First, the court recognizes that having obesity, i.e., having a body mass index ("BMI") of 30 or higher, increases one's risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 6, 2020). While defendant might believe that he is obese and that his BMI is "well over 30," (Mem., Ex. B, DE # 110-2), his medical records do not support those beliefs, (see id., Ex. C, DE # 108). Nor do defendant's medical records indicate that he is recovering from head trauma. (See id.) Second, although being a former smoker and having hypertension might be risk factors for severe illness from COVID-19, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 6, 2020), defendant does not take any medication to treat any respiratory or cardiovascular issue, and in fact, his blood pressure while in custody has been normal, (Mem., Ex. C, DE # 108, at 1-3). High cholesterol and a family history of underlying medical conditions are not risk factors. Finally, the court considers the spread of COVID-19 at FCI Gilmer, where defendant is incarcerated. Currently, 3 inmates are positive for the infection, and 15 inmates and staff have recovered. Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020). However, it is difficult to assess the infection rate at FCI Gilmer as very few inmates have been tested. See United States v. Harrison, No. 12-cr-0088-01 (ESH), 2020 WL 5702106, at *2 (D.D.C. Sept. 24, 2020)

(recognizing that "[e]ven at institutions where there are relatively few reported cases to date, that may be only due to the lack of widespread comprehensive testing, which means that there is the potential for an undetected breakout" and noting only 128 out of 1287 inmates at FCI Gilmer have been tested); see also Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020) (showing 191 inmates have been tested at FCI Gilmer). Nonetheless, given defendant's overall health and age, it is unlikely he will become seriously ill should he contract COVID-19.

Defendant's motion for compassionate release is DENIED.

This 7 October 2020.

                                          _____
                                                     W. Earl Britt
                                                     Senior U.S. District Judge